# CASES

IN

# THE SUPERIOR COURT

OF

# PENNSYLVANIA

## Barnum, Appellant, *v.* Hunter.

*Contracts—Building contracts—Construction—Parol evidence—. Contradiction.*

In an action by a subcontractor against a building contractor, for damages claimed for a breach of contract to purchase steel cells from the plaintiff at a certain price, it was error to submit to the jury evidence of a parol contemporaneous agreement which was substantially the same as the written contract between the parties. The written evidence in the case having established the contract, and a liability on the part of the defendant, the matter was for the court and a verdict should have been directed for the plaintiff.

Argued November 9, 1920. Appeal, No. 283, Oct. T., 1920, by plaintiff, from judgment of C. P. Berks County, March T., 1918, No. 64, on verdict for defendant in the case of E. T. Barnum, a corporation, v. Daniel H. Hunter. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit on contract to furnish steel cells. Before ENDLICH, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant and judgment thereon. Plaintiff appealed.

2       BARNUM, Appellant, v. HUNTER.

Assignment of Errors—Opinion of the Court. [76 Pa. Superior Ct.

*Errors assigned* were in the following form:

1. The court below erred in instructing the jury as follows:

"If the jury believes that at the time the written agreement of March 14, 1916, was entered into between plaintiff and defendant, the plaintiff verbally agreed to deliver and erect the steel jail cells within forty working days, and that such agreement was the inducement for the execution by defendant of the written agreement, and that plaintiff later refused to guarantee the delivery and erection of the jail cells within forty working days, then the plaintiff is not entitled to recover and the verdict must be for the defendant. In other words, if you believe the story as given by the plaintiff, then the plaintiff is entitled to a verdict. If you believe the story as given by the defendant, then the defendant is entitled to your verdict."

2. The court below erred in refusing the 2d point for charge submitted by plaintiff, the point and answer and exception thereto being as follows, (page 6):

"2. Under all the evidence in this case your verdict must be for the plaintiff and the only question for you to decide is the amount of damages to which he is entitled.

3. The court erred in discharging plaintiff's rule for new trial, in manner following, to wit:

Rule for new trial discharged.

*Randolph Stauffer,* for appellant.

*H. F. Kantner,* for appellee.

OPINION BY TREXLER, J., March 5, 1921:

The contract in suit is as follows: "E. T. Barnum Iron Works, Detroit, Michigan. Dear Sirs: I hereby agree that if I use your bid on the Steel Cell work required in the remodeling of the City Jail at Reading, Pa., which is to be in accordance with the plans and specifications of Wayne M. High, Architect, and the

same is satisfactory to the Architect and owner, and if I am awarded the contract, I will give you the order to furnish the cells at your price of Twenty-two Hundred Thirty-seven Dollars ($2237.00) all complete and erected in the building. (Signed) D. H. Hunter."

It is admitted that the defendant used the bid of the plaintiff and that he was awarded the contract. The obligation on the part of the defendant was thus complete; he was to buy the cells from the plaintiff. Both contingencies referred to in the contract were fulfilled. The defendant failed to keep his contract, and plaintiff has brought suit to recover damages for the breach. The defendant alleges that he is relieved from the binding obligation of the agreement by the act of the plaintiff. On March 20th, the plaintiff telegraphed to the defendant as follows: (A) "In accordance with our agreement with you we suggest that you telegraph order immediately at our expense to avoid delay as cells will be required soon. Can start work at once. Shall we forward contracts for signature? Telegraph reply." On the same day defendant telegraphed, (B) "If given contract how soon can you have cells placed?" To this plaintiff answered, (C) "Can install quicker than any one else but can't guarantee time railroad will take to deliver. Think can ship within thirty days if ordered immediately. Please telegraph reply." On the 22d defendant telegraphed to plaintiff, (D) "The contractor for iron work will not accept unless cells are included in his contract. Same will be awarded to Wm. F. Remppis Company. They were the lowest on the total. Try and sell them the cells. This seems to be satisfactory all around. Expect sign contract with City tomorrow." To which plaintiff replied, (E) "We refer to your signed agreement. We cannot think that you will try to break it. If the contractor refuses to furnish other iron work we will furnish it at his price or lower. Don't place order for cells elsewhere. Will have representative in Reading Friday morning if you are ready to close con-

tract. Shall we send him? Telegraph quick." Defendant replied, (F) "Contract was awarded to Wm. F. Remppis Co."

The defendant at the trial claimed that the time the contract was signed the plaintiffs' agent had agreed to furnish the cells within forty days after the contract was awarded, and that this was the inducement which led him to sign the paper, and the court submitted to the jury the question, whether such agreement was the inducement for the execution of the contract? This we think was unnecessary. A reading of the written contract shows that the bid to be used was to be in accordance with the specifications of the architect, and the specifications provided that the work must be completed in forty working days. The plaintiff therefore was bound to this provision without any verbal agreement. The defendant further claims that the plaintiff refused later to guarantee the delivery of the jail cells within forty working days, and this also was submitted to the jury.

The telegrams between the parties are set out above and what they mean is for the court to decide. One designated as "A," is a request from the plaintiff to be promptly advised, so they could proceed to work on the cells at once. "B" is a request of the defendant to the plaintiff to tell him how soon the cells could be placed. This was not an inquiry on the part of the defendant to find out whether the plaintiff would keep his contract. It rather bears out the idea that the defendant did not regard the plaintiff as being bound to any definite time or that the defendant was anxious to place the cells in less time than the contract provided for. If the thing was settled, why ask? The plaintiffs' answer "C" stated that they could ship within thirty days but that they could not guarantee how long it would take the railroad to deliver. This was not a repudiation of the contract. The thirty days referred to in "C" were calendar days. The forty days required for the completion of the con-

tract were working days, and we fail to see how the conclusion can be drawn that the estimate which the plaintiff furnished as to the time of delivery, was a refusal on their part to carry out the contract. The defendant replies "D" that the contractor will not accept unless the cells are included in his contract and the same will be awarded to Remppis Company. They were the lowest in the total. Thus the door abruptly closed to the plaintiff. Then follows the recommendation that the plaintiff try to sell the cells to Remppis. If the plaintiff could not furnish the cells within forty days to the defendant and this was the reason that he refused to award the contract to them, what better position would they have been in with the Remppis Company? The plaintiff immediately upon receiving this telegram placed itself upon the written agreement and we cannot find in all this correspondence, anything that justifies the conclusion that the plaintiff backed out of his engagement. It is a significant fact that the cells were obtained at the lower price from Remppis Company. We think under the written evidence in the case, that the court should have directed the jury to find the amount of damages which the plaintiff was entitled to. The court inadvertently mistook the facts as appears in its opinion under the rule for a new trial, where it states that the defendant by telegram requested plaintiff to guarantee the completion of the work within forty days after notice to proceed, but plaintiff declined so to do. We can find nothing in the testimony to warrant this assertion.

The judgment is reversed with a new venire.